UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT SIMS,

                        Plaintiff,

    - v -                                          Civ. No. 9:03-CV-1099
                                                               (LEK)(RFT)

GLENN S. GOORD, Commissioner of DOCS; DONALD
SELSKY, SHU Director; GEORGE DUNCAN, Supt.;
R. DOLING, Employee of Central Office; NANCY
KANNEGISER, Psychologist,

                                                Defendants.

APPEARANCES:                                 OF COUNSEL:

ROBERT SIMS
Plaintiff, *pro se*
90-T-2814
Elmira Correctional Facility
Box 500
Elmira, New York 14902

HON. ELIOT SPITZER                     NELSON SHEINGOLD, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

RANDOLPH F. TREECE, MAGISTRATE JUDGE

## ORDER

     Presently before the Court is *pro se* Plaintiff Robert Sims's Motion for Sanctions. Dkt. No. 54. By his Motion, Plaintiff claims that Defendants failed to comply with that portion of this Court's Order filed June 1, 2005 (the "June Order"), which directed Defendants' counsel to contact the Inmate Records Coordinator ("IRC") at Elmira Correctional Facility to insure that documents to be produced in response to Plaintiff's discovery requests were made available to Plaintiff for inspection and copying. Plaintiff seeks an order directing that the required

production be made.[1]

Defendants' oppose Plaintiff's Motion. Dkt. No 58. According to Defendants' counsel, he contacted the IRC shortly after the issuance of the June Order, and advised her of the terms of that Order. The IRC, in turn, determined that the requested documents and videotapes were at Elmira, and so advised Defendants' counsel. Dkt. No. 58, Aff. of Diane Kelly, Elmira IRC. According to the IRC, Plaintiff has never contacted the Inmate Record's Office to review the documents. *Id*. Based upon the foregoing, Defendants maintain that they complied with the June Order and urge the denial of Plaintiff's Motion.

Plaintiff filed a Reply, by which he claims that the Defendants were required to notify him when the discovery materials were available at Elmira, and that the Defendants are mistaken in contending that Plaintiff was directed to contact IRC. Dkt. No. 60.

The June Order directed Defendants' counsel to "communicate with the IRC at [Elmira] to insure that all documents (including videotapes, etc.) produced in response to Plaintiff's discovery requests are made available for inspection and copying (at Plaintiff's expense)[.]" Dkt No. 49 at p. 10. As noted in the June Order, this direction was intended to facilitate discovery and to resolve any ongoing uncertainty regarding the production of these materials.

As Defendants' counsel acknowledges, the first step was to determine whether the discovery materials were in fact located at Elmira, and it appears that this inquiry was made promptly. At that point, however, either the IRC or Defendants' counsel should have advised Plaintiff that the materials were available at Elmira and that he could request an opportunity to

---

[1] The June Order determined three separate Motions to Compel filed by Plaintiff, as well as Defendants' Motion for a Protective Order. Dkt. No. 49. Defendants have objected to one portion of the June Order, and that appeal is pending before the Honorable Lawrence E. Kahn, United States District Judge. *See* Dkt. No. 50. The issue on appeal is unrelated to the present Motion.

review and obtain copies of them.  This notification would have fully discharged Defendants' obligation to insure that the materials "are made available" to Plaintiff.  Having not received any notification from Defendants or the IRC that the discovery materials were available, Plaintiff reasonably concluded that the Defendants had not complied with the June Order.

Based upon the foregoing, the Court finds that Defendants failed to fully comply with the direction of the June Order regarding the production of documents and other discovery materials.  However, because there is no evidence in the record which even suggests that Defendants acted in wilful disregard of the June Order, and because it does not appear that the delay in production has caused Plaintiff undue prejudice, we find that Plaintiff has failed to meet his burden and thus an award of sanctions is not warranted.[2]

WHEREFORE, in light of the foregoing, it is hereby

ORDERED, that Plaintiff's Motion for Sanctions (Dkt. No. 54) is **granted in part and denied in part**.  Within **twenty (20) days** of the filing date of this Order, Defendants' counsel (either directly or through the IRC) shall advise Plaintiff **in writing** that all documents (including videotapes, etc.) produced in response to Plaintiff's discovery requests are available for inspection and copying.  Any copying will be at Plaintiff's expense.  Defendants (either directly or through the IRC) shall specifically advise Plaintiff of the steps, if any, Plaintiff must take in order to arrange for that inspection.  Plaintiff's Motion for Sanctions is **denied** in all other respects; and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

---

[2]  The dispositive motion filing deadline has been stayed pending District Judge Kahn's determination of the appeal.  Dkt. No. 57.

IT IS SO ORDERED.

Date:   January 24, 2006
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge